ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA         :   **SEALED SUPERSEDING**
:   **INDICTMENT**
:
- v. -                           :   S1 20 Cr. 018
:
UMAR AHMAD,                      :
    a/k/a "Artist,"              :
:
Defendant.                   :
:
- - - - - - - - - - - - - - - - X

**COUNT ONE**
(Copyright Infringement Conspiracy)

The Grand Jury charges:

**RELEVANT PERSONS AND ENTITIES**

1.    UMAR AHMAD, a/k/a "Artist," the defendant, is a Norwegian national who, at all times relevant to this Indictment, resided in Oslo, Norway.

**OVERVIEW OF THE SCHEME**

2.    From at least in or around 2011, up to and including in or around January 2020, UMAR AHMAD, a/k/a "Artist," the defendant, and others known and unknown, were members of a criminal conspiracy known as the "Sparks Group". The primary objective of the Sparks Group was to fraudulently obtain DVDs and Blu-Ray discs for copyrighted movies and television shows prior to their retail release date, compromise the copyright protections on the discs, reproduce and upload the copyrighted

content to servers controlled by the Sparks Group, and disseminate the copyrighted content on the Internet for public consumption before the DVDs and Blu-Ray discs were made available for sale by retailers to the public. Over the course of the conspiracy, the Sparks Group has successfully reproduced and disseminated hundreds of movies and television shows prior to their retail release date, including nearly every movie released by major production studios. The Sparks Group has caused tens of millions of dollars in losses to film production studios.

**MEANS AND METHODS OF THE CONSPIRACY**

3.  The Sparks Group generally worked as follows:

a.  First, members of the Sparks Group, including UMAR AHMAD, a/k/a "Artist," the defendant, fraudulently obtained DVDs and Blu-Ray discs from wholesale distributors up to several weeks prior to their retail release date. To do so, members of the Sparks Group made various material misrepresentations and omissions to the wholesale distributors, concerning, among other things, the reasons that members of the Sparks Group were obtaining DVDs and Blu-Ray discs prior to the retail release date. The Sparks Group continuously searched for and solicited distributors and retailers that could be used to obtain DVDs and Blu-Ray discs as early as possible.

2

        b.    Once they obtained the DVDs and Blu-Ray discs, members of the Sparks Group used computers with specialized software that compromised the copyright protections on the discs (a process known as "cracking" or "ripping") and reproduced and encoded the content in a high-definition format that could be easily copied and disseminated over the Internet.

        c.    Members of the Sparks Group then uploaded copies of the copyrighted content onto servers controlled by the Sparks Group, where other members of the Sparks Group further reproduced and disseminated the content on streaming websites, peer-to-peer networks, torrent networks, and other servers accessible to members of the public, all before the retail release date for the DVDs and Blu-Ray discs.

        d.    The Sparks Group identified its reproductions by encoding the filenames of the reproduced copyrighted content with the tags "SPARKS," "DRONES," "ROVERS," "GECKOS," and "SPRINTER," among others.  The Sparks Group also uploaded photographs of the discs in their original packaging to its servers to demonstrate that the reproductions originated from authentic DVDs and Blu-Ray discs.

**STATUTORY ALLEGATIONS**

4.  The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if fully set forth herein.

5.  From at least in or around 2011, up to and including in or around January 2020, in the Southern District of New York and elsewhere, UMAR AHMAD, a/k/a "Artist," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, to violate Title 17, United States Code, Sections 506(a)(1)(B) and (C); and to violate Title 18, United States Code, Sections 2319(c)(1) and (d)(1).

6.  It was a part and an object of the conspiracy that UMAR AHMAD, a/k/a "Artist," the defendant, and others known and unknown, would and did willfully infringe a copyright by the reproduction and distribution, including by electronic means, during a 180-day period, of ten and more copies and phonorecords of one and more copyrighted works, which have a total retail value of more than $2,500, in violation of Title 17, United States Code, Section 506(a)(1)(B) and Title 18, United States Code, Section 2319(c)(1).

7.  It was further a part and an object of the conspiracy that UMAR AHMAD, a/k/a "Artist," the defendant, and

4

others known and unknown, would and did willfully infringe a copyright by the distribution of a work being prepared for commercial distribution, by making it available on a computer network accessible to members of the public, knowing and having reason to know that the work was intended for commercial distribution, in violation of Title 17, United States Code, Section 506(a)(1)(C) and Title 18, United States Code, Section 2319(d)(1).

**OVERT ACTS**

8.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On numerous occasions between in or around 2011 and in or around December 2019, UMAR AHMAD, a/k/a "Artist," the defendant, fraudulently arranged for discs containing copyrighted films and television shows to be picked up, mailed, or delivered from distributors located in Manhattan, Brooklyn, and New Jersey to other members of the Sparks Group prior to their official release date for the purpose of compromising the copyright protections on the discs and reproducing and distributing the copyrighted content on a computer network accessible to members of the public.

b.  On numerous occasions between in or around 2011 and in or around December 2019, UMAR AHMAD, a/k/a "Artist," the defendant, reproduced, and aided and abetted the reproduction of, discs containing copyrighted films and television shows by using computer software that circumvented copyright protections on the discs and reproducing the copyrighted content for further distribution on the Internet.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATIONS AND SUBSTITUTE ASSET PROVISION**

9.  As a result of committing the offense alleged in Count One of this Indictment, UMAR AHMAD, a/k/a "Artist," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2323(b), any article, the making or trafficking of which is prohibited under section 506 of Title 17, United States Code, or section 2318, 2319, 2319A, 2319B, or 2320, or chapter 90, of Title 18, United States Code; any property used, or intended to be used, in any manner or part to commit or facilitate the commission of the offenses; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### Substitute Assets Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 981;
      Title 21, United States Code, Section 853; and
      Title 28, United States Code, Section 2461.)

_____
GRAND JURY FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA

- v. -

UMAR AHMAD, a/k/a "Artist,"

Defendant.

SEALED SUPERSEDING INDICTMENT

S1 20 Cr. \_\_\_\_\_
(18 U.S.C. § 371)

GEOFFREY S. BERMAN
United States Attorney

_____  _____
                    GRAND JURY FOREPERSON

Jan 8, 2020
Filed Sealed Supesseding Indictment.
U.S.M.J.; Debra Freeman